Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODERICK W. SCOTT, an individual, <br><br> Plaintiff <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.:  **'12CV1789 BEN WVG** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and for invasion of privacy.

1
COMPLAINT AND DEMAND FOR JURY TRIAL

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff RODERICK W. SCOTT is a natural person residing in the state of California, County of San Diego.

4. Defendant NCO FINANCIAL SYSTEMS, INC. ("NCO") is a corporation doing business of collecting debts in California operating from an address at 3850 N. Causeway Blvd., Metairie, LA 70002. Its agent for service of process is CT Corporation System, 818 W. Seventh St., Los Angeles, CA 90017.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

### IV. FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, NCO acquired information regarding a debt (the "DEBT") that Plaintiff had allegedly incurred.

13. Within the last year NCO was calling Plaintiff in an attempt to collect the DEBT.

14. NCO called with such frequency and persistence as to constitute harassment.

15. On more than one occasion, NCO called Plaintiff more than once on a single day.

16. NCO frequently called Plaintiff at his place of employment.

17. Plaintiff told NCO to cease calling him at his place of employment.

18. NCO continued to call Plaintiff at his place of employment an estimated 6-12 times after Plaintiff's request to cease.

19. NCO further continued to call Plaintiff on his home and cell phone on a daily basis.

20. It is estimated that NCO called Plaintiff in excess of 300 times.

21. Plaintiff then agreed to a payment arrangement with NCO whereby he would make payments for 9 months and NCO would take the DEBT out of default status and put

1  Plaintiff into an income-sensitive repayment plan.

2      22. Plaintiff made the payments as agreed.

3      23. However, NCO did not comply with the agreement.

4      24. NCO further sought to charge Plaintiff an unconscionable $36,342.48 collection fee.

6      25. As a result of the acts alleged above, Plaintiff suffered emotional distress.

## V. FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

26. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

27. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

    (b) The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication;

    (c) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (d) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

    (e) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and

    misleading representations or means in connection with the collection of a debt;

 (f) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

 (g) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

 (h) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

 (i) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

28. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF
**(Against all Defendants for Violation of the Rosenthal Act)**

29. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

30. Defendants violated the Rosenthal Act, by including but not limited to, the following:

 (a) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

 (b) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

      (c)    The Defendants violated California Civil Code §1788.14(b) by collecting or attempting to collect a debt collector's fee or charge for services rendered; and

      (d)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

31.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32.    As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

33.    Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII. THIRD CLAIM FOR RELIEF

**(As against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs)**

34.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

35.    Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

36.    Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

37.    Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

38.    As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

39.    Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

//

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)  Actual damages;

    (b)  Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

    (c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

    (d)  For punitive damages;

    (e)  For such other and further relief as the Court may deem just and proper.

Date:  July 20, 2012

                        ___/s/ Jeremy S. Golden_____
                        Jeremy S. Golden,
                        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date:  July 20, 2012

                        ___/s/ Jeremy S. Golden_____
                        Jeremy S. Golden,
                        Attorney for Plaintiff